# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **G.P., L.W., B.P., and J.P.**

**No. 18-0314** (Putnam County 17-JA-40, 41, 43, and 44)

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father K.P., by counsel Benjamin Freeman, appeals the Circuit Court of Putnam County's March 8, 2018, order terminating his parental rights to G.P., L.W., B.P., and J.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Catherine Bond Wallace, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him a post-dispositional improvement period and terminating his parental rights when less-restrictive alternatives existed.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2017, the DHHR filed a child abuse and neglect petition against petitioner, alleging that he exposed the children to domestic violence; failed to supply the children with necessary food, clothing, shelter, supervision, medical care, and/or education; and threatened the children's physical and/or mental health. Petitioner purposefully avoided Child Protective Services ("CPS") workers who were attempting to enact safety plans for the children and service providers who were trying to provide parenting and adult life skills classes. Petitioner failed to respond to attempts to notify him of a medical emergency for one of the children. The DHHR alleged that petitioner had a drug abuse problem which impaired his parenting abilities. Petitioner waived his preliminary hearing and requested a preadjudicatory improvement period, which was denied.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

In May of 2017, the circuit court held an adjudicatory hearing wherein petitioner again requested a preadjudicatory improvement period, which was denied. Petitioner then stipulated to the allegations contained in the petition, specifically admitting that his drug use seriously impaired his parenting skills and that he exposed the children to domestic violence. The circuit court accepted petitioner's stipulation and adjudicated him as an abusing parent.

In July of 2017, the circuit court held an initial dispositional hearing. Petitioner requested a post-adjudicatory improvement period, which was granted. As part of the terms and conditions, petitioner was ordered to submit to drug screens, maintain suitable housing, maintain employment, participate in services, and participate in a Batterer's Intervention Program ("BIP").

The circuit court held a status hearing in December of 2017. The DHHR moved the circuit court to terminate petitioner's post-adjudicatory improvement period based upon his noncompliance with the same. Specifically, a summary provided to the circuit court indicated that, while petitioner was attending parenting and adult life skills classes, he was not benefitting from them. Petitioner did not provide proof of employment, as required, and would be dismissed from the BIP if he was absent from one more session. Petitioner failed to appear for several of his drug screens and, on three occasions that he did appear, tested positive for methamphetamine. Finally, petitioner admitted to a service provider that he continued to consume alcohol despite attending Alcoholics Anonymous ("AA") meetings. Ultimately, based upon these facts, the circuit court found that petitioner failed to substantially comply with his improvement period and terminated the same.

In January of 2018, the circuit court held a dispositional hearing wherein it deferred disposition for thirty days to allow petitioner further time to comply with services. The hearing was reconvened in February of 2018. After hearing arguments, the circuit court terminated petitioner's parental rights upon findings that he was unable and/or unwilling to provide adequately for the children, there was no reasonable likelihood that he could correct the conditions of neglect and abuse in the near future, and the children's best interests necessitated termination. It is from the March 8, 2018, dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a

---

[2]G.P.'s mother was a non-abusing parent during the proceedings below and was dismissed from the matter. Prior to the initiation of the underlying proceedings, G.P.'s grandmother was granted guardianship of the child and the permanency plan for the child is to remain in her care. The parental rights of B.W., the mother of L.W., B.P., and J.P., were terminated below. B.P. and J.P. were placed in a foster home with a permanency plan of adoption therein. L.W. is undergoing treatment at Highland Hospital and the permanency plan for the child is adoption pending her release.

reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T*., 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying him a post-dispositional improvement period. According to petitioner, he was making progress in his services such that he should have been given more opportunity to "better his behavior and parenting skills." Petitioner also argues that the circuit court improperly considered the mother B.W.'s failures in denying his request for a post-dispositional improvement period. We find petitioner's argument to be without merit.

Pursuant to West Virginia Code § 49-4-610(3)(D), a circuit court may grant a parent an improvement period at disposition if, "the [parent] demonstrates that since the initial improvement period, the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period . . . ." In his brief on appeal, petitioner does not reference or allege any substantial change in circumstances since his initial improvement period. Further, petitioner fails to demonstrate that he was likely to participate in a post-dispositional improvement period given his poor adherence to the terms of his post-adjudicatory improvement period. Petitioner did not submit to several of the required drug screens which the circuit court treated as positive screens. Further, petitioner tested positive for methamphetamine on three occasions during his post-adjudicatory improvement period and continued to consume alcohol despite his participation in AA meetings. The summary provided to the circuit court indicated that, although petitioner attended parenting and adult life skills classes, he failed to demonstrate any benefit from the services. Moreover, petitioner was granted thirty additional days to comply with services after his improvement period was terminated, but he failed to do so. While petitioner argues that the circuit court improperly considered the mother's failures in denying his motion, we find that the circuit court had sufficient evidence to deny petitioner's request in light of the overwhelming evidence that petitioner himself substantially failed to comply with the terms and conditions of his improvement period and demonstrated no likelihood of compliance in the near future. Accordingly, we find no error.

Petitioner next argues that the circuit court erred in terminating his parental rights. Specifically, petitioner argues that the evidence did not support termination of his parental rights because he was "making progress, however slowly, in cooperating with the DHHR to improve his parenting skills and living situation." Petitioner argues that the circuit court should not have terminated his parental rights when less-restrictive alternatives, such as terminating only his custodial rights, were available. We disagree.

West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. According to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

While petitioner argues that he was "slowly" making progress, we agree with the circuit court's finding that he failed to comply with services which were designed to reduce or prevent the abuse and neglect of the children. Here, petitioner tested positive for drugs throughout the proceedings, missed several drug screens and BIP sessions, and failed to benefit from his parenting classes. To the extent that petitioner now argues that his slow progress demonstrated compliance, we note that we have previously held that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). Contrary to petitioner's argument, the record establishes that termination of parental rights was in the best interests of the children. In fact, the guardian disclosed at the final hearing that the children were disappointed with petitioner's lack of effort during the proceedings and were ready to move forward with adoption with their respective placements.

While petitioner argues that less-restrictive alternatives to termination, such as termination of his custodial rights, were available, we have previously held

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Having reviewed the record, we agree with the circuit court's finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse in the near future and that termination was necessary for the children's welfare. Because circuit courts are permitted to terminate parental rights upon such findings, we find no error.

4

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 8, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating